J-S77022-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                    :             PENNSYLVANIA
                                    :
          v.                            :
                                      :
                                      :
ANTHONY MCNEIL                     :
                                      :
          Appellant             :    No. 3081 EDA 2017

Appeal from the Judgment of Sentence September 15, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0308121-2006

BEFORE: OTT, J., DUBOW, J., and STRASSBURGER\*, J.

MEMORANDUM BY DUBOW, J.:                     **FILED APRIL 30, 2019**

Appellant, Anthony McNeil, appeals from the Judgment of Sentence of six years of probation, imposed on September 15, 2017, following the revocation of his probation and resentencing on a single count of Corrupt Organizations.[1] Appointed counsel, Victor Rauch, Esq., seeks to withdraw his representation of Appellant pursuant to ***Anders v. California***, 386 U.S. 738 (1967). We affirm the Judgment of Sentence and grant counsel's Application to Withdraw as Counsel.

In June 2009, Appellant entered into a negotiated guilty plea to Corrupt Organizations. ***Commonwealth v. McNeil***, No. 2494 EDA 2009, unpublished memorandum at 1-2 (Pa. Super. filed June 2, 2010), *appeal denied*, 4 A.3d 672 (Pa. 2010). In exchange for his plea, the trial court sentenced Appellant

---

[1] 18 Pa.C.S. § 911.

\* Retired Senior Judge assigned to the Superior Court.

to two to four years of incarceration followed by ten years of reporting probation. N.T. Guilty Plea, 6/26/09, at 7. This amounted to a time-served sentence. *Id.*; *McNeil*, *supra* at 2.

Appellant did not report to his probation officer, and in November 2014, the court issued a warrant for his arrest. Revocation Ct. Op., 3/9/18, at 2. In August 2017, the Commonwealth apprehended Appellant. *Id.* In September 2017, the revocation court revoked Appellant's probation and, at the request of appointed counsel and with the agreement of Appellant, resentenced Appellant to six years of probation. *Id.*; N.T. Re-Sentencing, 9/15/17, at 3.

Although represented by the Public Defender, Appellant *pro se* appealed. Thereafter, appointed counsel filed a Statement indicating his intent to file an *Anders* brief. *See* Pa.R.A.P. 1925(c)(4). In response, the revocation court issued an opinion concluding there were no issues of arguable merit. Revocation Ct. Op. at 4.[2]

In this Court, counsel has filed an *Anders* Brief purporting to challenge discretionary aspects of Appellant's sentence. *Anders* Br. at 3. In addition, counsel has filed an Application to Withdraw as Counsel.

_____

[2] Appellant is not entitled to hybrid representation. *Commonwealth v. Jette*, 23 A.3d 1032, 1036 (Pa. 2011). "When a counseled defendant files a *pro se* document, it is noted on the docket and forwarded to counsel pursuant to Pa.R.Crim.P. 576(A)(4), but no further action is to be taken." *Commonwealth v. Williams*, 151 A.3d 621, 623 (Pa. Super. 2016). On the other hand, a notice of appeal is distinguishable from other filings, as it protects a constitutional right. *Id.* at 624 (citing *Commonwealth v. Ellis*, 626 A.2d 1137, 1138-41 (Pa. 1993); 210 Pa. Code § 65.24). Accordingly, "this Court is required to docket a *pro se* notice of appeal despite [an a]ppellant being represented by counsel[.]" *Id.* at 624.

"When faced with a purported *Anders* brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw." *Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). Prior to withdrawing as counsel on direct appeal under *Anders*, counsel must file a brief that meets the requirements established by the Pennsylvania Supreme Court in *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009), namely:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

In addition, counsel must provide a copy of the *Anders* brief to his client. "Attending the brief must be a letter that advises the client of his right to: '(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the *Anders* brief.'" *Commonwealth v. Orellana*, 86 A.3d 877, 880 (Pa. Super. 2014) (quoting *Commonwealth v. Nischan*, 928 A.2d 349, 353 (Pa. Super. 2007).

Counsel has complied with the requirements of **Anders** as articulated in **Santiago**. Namely, he includes a summary of the relevant factual and procedural history; he refers to the portions of the record that could arguably support Appellant's claims; and he sets forth his conclusion that Appellant's appeal is frivolous. He explains his reasoning and supports his rationale with citations to the record as well as pertinent legal authority. Counsel has supplied Appellant with a copy of his **Anders** Brief and a letter explaining the rights enumerated in **Nischan**. **See Anders** Br., Exh. C, (Letter, dated July 23, 2018). Accordingly, counsel has complied with the technical requirements for withdrawal.

Having addressed counsel's technical compliance with **Anders**, we will address the substantive issues raised by counsel. In addition, we must conduct "a simple review of the record to ascertain if there appear on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." **Commonwealth v. Dempster**, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*).[3]

_____

[3] In March 2018, long before counsel notified Appellant that he had filed a Petition to Withdraw as Counsel and **Anders** Brief, Appellant *pro se* filed in this Court several documents. The Court noted these filings on the docket and forwarded them to counsel pursuant to Pa.R.A.P. 3304. **See Jette** Letter (1), 3/20/18; **Jette** Letter (2), 3/20/18. In light of counsel's Statement filed in the trial court, indicating his intent to file an **Anders** brief, we examined these filings to ascertain whether Appellant sought to raise additional issues relevant to his appeal. The filings include a (1) a letter from Appellant asserting his underlying conviction was in error, (2) a letter addressed to Appellant that is purportedly from an investigative service suggesting its

Appellant has raised the following issues on appeal:

1. [Whether] the lower court err[ed] by not ordering a presentence report prior to sentencing[; and]

2. [Whether] [A]ppellant's sentence for technical violations of probation [was] excessive[.]

*Anders* Br. at 3. Both of these issues implicate discretionary aspects of Appellant's sentence. *See Commonwealth v. Finnecy*, 135 A.3d 1028, 1030-31 (Pa. Super. 2016) (in context of revocation of probation proceedings, recognizing assertion that court erred in failing to order a presentence investigation report challenges discretionary aspects of sentence); *Commonwealth v. Schutzues*, 54 A.3d 86, 98 (Pa. Super. 2012) (in context of revocation of probation proceedings, recognizing assertion that sentence imposed was excessive in light of technical violations challenges discretionary aspects of sentence).

A challenge to discretionary aspects of a sentence is not reviewable as a matter of right. *Commonwealth v. Leatherby*, 116 A.3d 73, 83 (Pa. Super. 2015). Rather, an appellant must invoke this Court's jurisdiction by, *inter alia*, preserving a challenge at sentencing or in a post-sentence motion.

---

interest in Appellant's underlying conviction, (3) a copy of the revocation court's opinion, upon which Appellant has scrawled myriad, nonsensical comments and observations, (4) a document that appears to be a Petition for Collateral Relief, and (5) an undated and unsigned Petition for Expungement. These documents do not develop issues relevant to Appellant's appeal. *See Commonwealth v. Cartrette*, 83 A.3d 1030, 1036 (Pa. Super. 2013) (*en banc*) ("[A]n appeal challenging a revocation of probation proceeding cannot be used to attack the underlying conviction."). Thus, we shall not consider them further.

*Id.* "Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed." *Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa. Super. 2013).

Here, Appellant did not preserve his issues at his sentencing hearing or thereafter in a post-sentence motion. Accordingly, he has waived any challenge to discretionary aspects of his sentence. *See Dempster*, *supra*; *Leatherby*, *supra*; *Griffin*, *supra*.

Following our review of the issues raised by Appellant in counsel's *Anders* Brief, we agree with counsel and conclude that this appeal is wholly frivolous. In addition, following an independent review of the record, we discern no arguably meritorious issues that warrant further consideration. *See Dempster*, *supra* at 272. Accordingly, we grant counsel's Application to Withdraw as Counsel and affirm Appellant's Judgment of Sentence.

Application to Withdraw as Counsel granted; Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/30/19

- 6 -